**UNITED STATES of America,**
**Appellee,**

v.

**CHRISTIAN BROS. CONTRACTING**
**CORP., a Corporation,**
**Defendant,**

**Jason VALE, Defendant–Appellant.**

**No. 14–1235.**

United States Court of Appeals,
Second Circuit.

Dec. 8, 2014.

Jason Vale, pro se, Bellerose Manor, NY, for Defendant–Appellant.

Charles S. Kleinberg and Emily Berger, Assistant United States Attorneys, for Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: ROBERT A. KATZMANN, CHIEF JUDGE, RALPH K. WINTER AND ROBERT D. SACK, CIRCUIT JUDGES.

### SUMMARY ORDER

Appellant Jason Vale, proceeding pro se, appeals from a district court's denial of his motion under Rule 60(b) of the Federal Rules of Civil Procedure challenging his underlying conviction and sentence. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the denial of a Rule 60(b) motion for abuse of discretion. *Harris v. United States,* 367 F.3d 74, 79 (2d Cir. 2004). Here, the district court did not abuse its discretion in denying Vale's motion.

Contrary to Vale's argument, Rule 60(b) is not available to directly challenge the integrity of an underlying criminal conviction or sentence. When faced with a Rule 60(b) motion making such a challenge, the district court may either treat it as a successive habeas petition or deny it as beyond the scope of the rule. *Harris,* 367 F.3d at 82. The district court thus did not abuse its discretion in denying Vale's motion as beyond the scope of Rule 60(b). Furthermore, any arguable error by the district court in failing to transfer the motion as a successive habeas petition was harmless, since Vale was not in custody as required by 28 U.S.C. § 2255(a) and *Alleyne v. United States,* —— U.S. ——, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), has not been made retroactive to cases on collateral review. *See United States v. Redd,* 735 F.3d 88, 92 (2d Cir.2013) (per curiam).

We have considered Vale's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.